**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES W. KERNS, JR.,

      Petitioner-Appellant,

v.

JACK GARNER, Warden,
T. Don Hutto Correctional Center;
ATTORNEY GENERAL OF THE
STATE OF TEXAS,

      Respondents-Appellees.

No. 99-8080
(D.C. No. 97-CV-174-D)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **McKAY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant James W. Kerns, Jr., a state prisoner appearing pro se, appeals the district court's decision denying his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. We deny a certificate of appealability (COA) and dismiss the appeal.

**BACKGROUND**

Kerns was convicted of first-degree murder in the death of Jose Henriquez, a Mexican national whose body had been found in a campground near Big Piney, Wyoming. Seven months after discovery of the body, Debar Green, Kerns' estranged girlfriend, reported to law enforcement officers that Kerns had told her that he had met a Mexican at the Silver Spur Bar and drove him to the mountains around Big Piney, where Kerns robbed, kicked, and stabbed him. Upon an agreement by the prosecutor not to prosecute, Kenneth Lord, a convicted felon and Kerns' roommate, told authorities that Kerns had confessed to robbing and killing Henriquez.

At trial, Green and Lord's testimony was consistent with their earlier statements. Other witnesses placed Kerns at the Silver Spur Bar on the night Henriquez had disappeared. Additionally, an expert witness testified that dog hair found on the victim's pants and in Kerns' vehicle were similar in some respects. This testimony was significant in light of Lord's statement that Kerns had his dog

-2-

with him the night he killed Henriquez. In his defense, Kerns introduced alibi testimony.

The jury returned a verdict finding Kerns guilty of premeditated and felony murder. On direct appeal of the conviction to the Wyoming Supreme Court, Kerns asserted six issues concerning the conduct of his trial:

(1) the failure to grant a challenge for cause to a jury member, who was a cousin to a witness in the case and expressed concerns about drug-dealer testimony;

(2) improper grant of immunity to Lord;

(3) denial of the right to confront Green, due to the prosecution's failure to disclose that she had been arrested in order to secure her presence at trial;

(4) prosecutorial misconduct in (a) failure to disclose the loss of physical dog-hair evidence and the existence of a witness who had told investigators that Kerns had not been at the Silver Spur Bar the night in question, and (b) failure to inform defense until trial of an intention to introduce evidence that Lord had bought drugs from Kerns between the time of the murder and Kerns' arrest;

(5) admission of hearsay testimony concerning Green's statements to law enforcement officials; and

(6) cumulative error.

See Kerns v. State, 920 P.2d 632, 635-41 (Wyo. 1996). The Wyoming Supreme Court found error in the prosecution's failure to disclose the potentially-exculpatory witness and the admission of hearsay. It determined, however, that the errors were harmless: defense counsel learned of the witness before trial and, in fact, she did testify, and the hearsay evidence was merely a repetition of Green's direct testimony. Kerns' conviction, therefore, was affirmed. See id. at 634, 641. In his federal habeas petition, Kerns raised essentially the same issues.

The district court analyzed each of the issues, along with their cumulative effect, in light of applicable federal law. It determined that Kerns had failed to demonstrate entitlement to habeas relief, in that he had not shown that the adjudication of "his claim[s] resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The district court also denied Kerns' request for a certificate of appealability.

In this court, Kerns renews his request for a certificate of appeal, raising the same issues resolved in the state court and the district court. In addition, he asserts that his due process rights were violated by the district court's disposition of his case without allowing him to provide legal argument or amend his petition and without requiring a response from respondents.

-4-

No appeal can be taken from the final order in a habeas corpus proceeding unless the petitioner is issued a certificate of appealability.    See 28 U.S.C. § 2253(c).  The Supreme Court has recently addressed the requirements for obtaining a COA under § 2253(c).

> [A] habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

Slack v. McDaniel  , 120 S. Ct. 1595, 1603-04 (2000) (quoting    Barefoot v. Estelle  , 463 U.S. 880, 893, & n.4 (1983) (further quotations omitted)).  Where, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."    Id. at 1604.

Based on our review of the record, we determine that the district court's assessment of Kerns' claims was correct.  Moreover, we see no constitutional violation in the district court's procedure in this matter.  For substantially the

-5-

same reasons articulated in the district court's order of July 27, 1999, we deny

Kerns' request for a certificate of appealability and DISMISS his appeal.


Entered for the Court


Bobby R. Baldock
Circuit Judge